ROANOKE, The (LAWRENCE v.). See Case No. 8,142.

---

## Case No. 11,876.

### The ROARER.

[1 Blatchf. 1.][1]

Circuit Court, S. D. New York. Sept. Term. 1845.

APPEAL — ADMIRALTY — EXECUTING DECREE — EFFECT OF REVERSAL AND OF AFFIRMATION.

1. On an appeal to the circuit court, in admiralty, the whole decree of the district court is brought up, although only part of it is appealed from.

[Cited in The Saratoga v. Four Hundred and Thirty-Eight Bales of Cotton, Case No. 12,-356; The Lillie Laurie, 50 Fed. 222.]

2. In such a case, after a decision on the appeal by this court, it must execute the decree.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

and has no power to remit the proceedings to the district court.

3. Where a part only of a decree of the district court was appealed from, and as to that part this court reversed the decree of the district court, *held*, that it was unnecessary for this court to affirm in terms the decree of the district court so far as it was not appealed from, but that the part not reversed remained in this court in full force, to be executed here, and became a part of the decree as modified by this court on the appeal.

[Cited in The Quickstep, Case No. 11,509; Shaw v. Folsom, 40 Fed. 512; Irvine v. The Hesper, 122 U. S. 267, 7 Sup. Ct. 1,182; The Philadelphian, 9 C. C. A. 54, 60 Fed. 426.]

[Appeal from the district court of the United States for the Southern district of New York.]

In this case there was an appeal from a decree of the district court, in admiralty, on a libel for salvage filed by John Livingston and others against the brig Roarer. The decree of the district court was in favor of the libellants. [Case unreported.] Of the respondents in the district court only one appealed. Subsequently, on a motion in this court, the appeal was dismissed as to certain of the libellants, on the ground that the amounts awarded to them severally for salvage were too small to sustain an appeal. On the hearing of the appeal this court reversed the decree of the district court and dismissed the libel, as between the appellant and those of the libellants who remained as appellees. The decree entered on the decision of the appeal, contained no provision whatever as to so much of the decree below as was not appealed from. A motion was now made to correct the decree of this court, by inserting a provision affirming the decree of the district court so far as it was not appealed from.

NELSON, Circuit Justice. I think the decree is correct as it stands. Only one of the respondents below appealed. The appeal was dismissed, as respected a portion of the libellants, on the ground that the sums awarded to them severally were not of sufficient amount to sustain an appeal. The issue, therefore, in this court was confined to the appellant and the remaining appellees, and the decree on the appeal was between these parties, and these alone. It could extend to no others, for in judgment of law, they were the only parties on the record in the appeal suit, and the decree entered had relation to them exclusively.

The whole decree in the court below is brought up on the appeal. In its nature it is not severable. A part of the suit cannot be in one court and a part in another at the same time. And as this court has no power to remit its proceedings to the court below, it must execute the decree here.

But, although the whole of the decree of the district court is brought here, only part of it is appealed from. The part not ap-

pealed from remains here, in full force, to be executed on the final termination of the cause. There is, therefore, no difficulty in executing the decree as modified by the decision of this court on the appeal. What is not reversed is still in force, and becomes part of the decree in this court, and is to be executed as such. Motion denied.