## Case No. 224.

### ALLEN v. HITCH.

[2 Curt. 147.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1854.[2]

ADMIRALTY—APPEALS—SEAMEN'S WAGES.

1. If the libellant does not appeal, he cannot ask to have the damages increased here, except by an allowance for the delay of payment.
[Cited in The Stephen Morgan v. Good, 94 U. S. 604; The Maggie P., 25 Fed. Rep. 206; Bush v. The Alonzo, Case No. 2,223; Shaw v. Folsom, 40 Fed. Rep. 512.]
[See Airey v. Merrill, Case No. 115; The Peytona, Id. 11,058; The Quickstep, Id. 11,-509.]

2. In fixing a quantum meruit for wages on a whaling voyage, it is competent for the court to take into view the unusual protraction of the voyage, and the condition of the vessel and the crew, though not specially alleged or relied on in the libel.

[On appeal from the district court of the United States for the district of Massachusetts.]

[In admiralty. Libel by William F. Hitch, in a cause of subtraction of wages, against Edmund Allen and others. Decree for libellant. Respondents appeal. Affirmed.]

L. F. Brigham, for appellants.
Mackay, contra.

CURTIS, Circuit Justice. This is. an appeal from a decree of the district court,[3] in a cause of subtraction of wages, alleged to have been earned on board the bark Belle, on a whaling voyage. That court made a

[1][Reported by Hon. B. R. Curtis, Circuit Justice.]
[2][Affirming an unreported decree of the district court.]
[3][Nowhere reported; opinion not now accessible.]

decree in favor of Hitch, the libellant, for the sum of $490.93. The respondents appealed. At the hearing they have not denied the title of the libellant to wages, but insist that his just claim amounts only to a lay of 1-165. The district court allowed the libellant 1-145, and the difference in money between these two lays is only about sixty dollars; a sum which both parties agree would hardly afford prudential grounds for an appeal to this court. But it was considered by the counsel on both sides that something of importance, beyond this sum of sixty dollars, was involved in the appeal. The libellant's counsel desired to claim and insist upon greater damages than were allowed below. But no appeal appears to have been claimed by the libellant, and, as I have had occasion repeatedly to declare, a party who has not appealed can claim here nothing more than an affirmance of the decree below, with reasonable damages for the delay. Counsel have been often misled on this subject by the practice of the state courts, and by the loose manner in which appeals from the district to the circuit courts in admiralty cases have sometimes been spoken of in books of practice. But I consider the point free from all doubt. Not to advert to the nature of an appeal, as considered by courts of admiralty, and to the rules requiring reasons to be assigned, it is sufficient to refer to two decisions of the supreme court which are in point. In Stratton v. Jarvis, 8 Pet. [33 U. S.] 4, the court say: "The district court decreed a salvage of one-fifth of the gross proceeds of the sales; from this decree an appeal was interposed, in behalf of all the owners of the goods and merchandise, to the circuit court; but no appeal was interposed by the libellant. The consequence is the decree of the district court is conclusive upon him as to the amount of salvage in his favor. He cannot, in the appellate court, claim anything beyond that amount, since he has not, by any appeal on his part, controverted its sufficiency." In Canter v. American Ins. Co., 3 Pet. [28 U. S.] 307, the circuit court had decreed restitution of property to the claimant, but the decree was silent as to damages. [Case No. 302a.] The libellant only, appealed.[4] It was held that the silence of the decree respecting damages was a virtual denial of them; that if the claimant meant to rely on his claim for damages, he should have entered a cross appeal; and that his omission to do so was a final waiver of his claim. These cases show that the appellate court will neither increase the amount awarded below, nor consider a subject of

[4] [The supreme court affirmed this decree upon appeals by both parties in American Ins. Co. v. 356 Bales of Cotton, 1 Pet. (26 U. S.) 511, and remanded the cause. The question of damages was then first raised. Case No. 302b. From the decree of the circuit court thereon libelant only appealed. The decision on this latter appeal is the one cited in the text.]

claim there decreed upon and denied, unless the party who desires a reversal of the decree take an appeal. See, also, Airey v. Merrill, [Case No. 115.]

The counsel for the respondents in this case has prayed the opinion of the court upon the question, whether the court, in fixing the reasonable wages of the libellant upon a quantum meruit, will take into account certain circumstances which I will now state. It appears that the libellant shipped at Fairhaven, on board the bark. Belle, on the 10th of December, 1844, as cabin boy, for a whaling voyage, then expected not to exceed four years in duration. In point of fact, instead of pursuing the usual course of whaling voyages, the catchings of the Belle were sent home from time to time, and her voyage was protracted, so that she did not return home until the 10th of September, 1852, after an absence of nearly eight years. The libellant was about thirteen years of age when he shipped. After the expiration of about four years, the libellant did seaman's duty; and it is not denied by the respondents that he is entitled to a reasonable compensation therefor. But they insist that this did not exceed a lay of 1-165. And they do deny that in fixing his compensation the court can take into consideration any wrong done to the libellant by his detention from home, and his consequent deprivation of the means of education, by reason of the protraction of the voyage for about four years beyond the time for which the libellant shipped. Viewed as a breach of contract, laying a foundation for a claim of damages, it is true the court cannot consider this subject-matter; for there are no allegations in the libel upon which to rest such a claim. But in determining what wages the respondents are reasonably entitled to recover, all the circumstances bearing on that question are to be considered. The service, for which this compensation is to be awarded, began about four years before the return of the vessel. She was then in the Indian ocean, or perhaps at Sidney, or one of the islands in that part of the world. Her men were all entitled to leave her, and most of them did leave her during the voyage. The difficulty of obtaining good hands to supply their places considerably enhanced the value to the owners, of the plaintiff's services. On the other hand, the long protracted absence of the libellant from home, and the disadvantage to him of remaining still longer, would naturally render him unwilling to serve for the same compensation as he might accept under other circumstances. To fix the lay at what it would have been in a port where seamen are obtainable in great numbers, as wanted, and for an ordinary voyage, would be manifestly wrong. It cannot be doubted that the owners would be obliged to pay a higher price, and that the service would be reasonably worth a higher lay, if one, who

had already been absent four years from home, were required to remain four years longer, and serve and take his ay on board a vessel, which had already cruised four years, and whose crew, by desertions, absences, and other causes, had been so changed, and so filled up, as it appears this crew had been. The staunchness and consequent safety of the vessel, the completeness of her fitting and finding, and the efficiency of her crew, are circumstances in which the seamen on board a whaleship have a direct and substantial interest; and I do not consider it improper for the court below, in fixing a quantum meruit, to take into consideration, upon this libel, the circumstances of the protraction of the voyage, and the great length of time the libellant was detained from home. The decree of the district court is affirmed, with costs, and damages at the rate of six per centum per annum from the date of its decree.