## Case No. 2,223.

### BUSH v. The ALONZO.

[2 Cliff. 548.] [1]

Circuit Court, D. Maine. April Term, 1866. [2]

SEAMEN—CRUEL TREATMENT—LEAVING VESSEL—RIGHT TO WAGES—APPEAL—WHO WILL BE HEARD ON.

1. Where a mariner who had shipped for a specified voyage, was cruelly treated and beaten and threatened, in repeated instances. by the master. and in consequence, through fear, left the vessel at a port before the voyage was ended, *held*, that he was justified in so doing, and that the voyage, as to his contract, was ended.

2. An action. therefore, by the libellant for his wages, cannot be defeated upon the ground that he had not served out the voyage, but had wilfully deserted.

[See Sherwood v. McIntosh, Case No. 12,778: Magee v. The Moss, Id. 8,944; Rice v. The Polly and Kitty, Id. 11,754; Knowlton v. Boss, Id. 7,901.]

3. A party not appealing from the decision of the district court. can, in this court, only be

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Affirming The Alonzo, Case No. 258.]

heard in support of the decree of the court below.

[Cited in The Maria Martin v. Northern Transp. Co., 12 Wall. (79 U. S.) 41; The Maggie P., 25 Fed. 206; Shaw v. Folsom, 40 Fed. 512.]

[Appeal from the district court of the United States for the district of Maine.

[In admiralty. Libel by William Bush against the schooner Alonzo for wages. There was a decree for libellant in the district court (The Alonzo, Case No. 258), and the claimant, Thomas Hagget, appealed. Affirmed.]

On the 8th of December, 1864, the libellant shipped as cook and steward on board the schooner Alonzo, for a voyage to Nassau, thence to a port or ports in the West Indies, North or South America, the United States, or any ports or places wherever freight and employment might be found, but finally to a port of discharge in the British provinces, not exceeding twelve months. The vessel proceeded to Havana, thence to Tampico, thence back to Havana in ballast, and there having taken in a cargo of sugars, sailed for the port of Portland in this district, arriving on the 10th of July, 1865, and was discharging cargo when the libel was filed. The libel charged that the libellant was cruelly treated and kicked by the master without justifiable cause, and from malice, hatred, and revenge; that the treatment was such that he could no longer remain on the vessel for fear of his life; that on the 10th of July, 1865, the master ordered him to leave the ship, threatened to kill him if he did not, and on the 14th of the same month discharged him from duty. These charges were denied in the answer, and the following defences set up: That the voyage was not ended; that libellant was incompetent, negligent, and wasteful in the performance of his duty; that the master found it necessary to disrate him; that he did not earn his board either before or after he was disrated; and that he wilfully deserted the vessel without justifiable cause. In the district court a decree was entered for the libellant, for $88.75, with costs. [Case No. 258.]

G. F. Talbot, for libellant.

J. H. Drummond, for respondent, cited Steele v. Thacher [Case No. 13,348]; U. S. v. Freeman [Id. 15,162]; Sherwood v. McIntosh [Id. 12,778]; Ward v. Ames, 9 Johns. 138; Knowlton v. Boss [Case No. 7,901]; Magee v. The Moss [Id. 8,944]; Abb. Shipp. 644; Turner's Case [Case No. 14,248].

CLIFFORD, Circuit Justice. The principal questions presented for decision are questions of fact, as is obvious from the analysis given of the libel and answer. Libellant alleges that he was discharged by the master, and, if so, then he is entitled to recover the balance, if any, due him for his wages. Respondent denies that propo-

sition, and alleges that the libellant deserted without any justifiable cause; and if that is true, then it is clear that the libellant is not entitled to recover anything. These opposite theories cannot both be true, and it is necessary to examine the testimony to determine which is correct. Legal discharge, however, is not the only ground of claim set up by the libellant. He claims to recover on that ground, but he also claims that he is entitled to recover, even if the court finds that he voluntarily left the ship, because, as he alleges, he was repeatedly punished by the master from hatred, malice, and revenge, and without any justifiable cause; that he was so cruelly beaten and kicked by the master during his service on the schooner that he was rendered helpless for a time, and that he was justified in leaving the ship because his life was in danger. Considering the case a clear one, I shall not enter into any extended examination of the evidence. Parties must be content with brief explanations as to the conclusions of the court in matters of fact, as they cannot be benefited by extended argument. The proofs do not warrant the conclusion that the libellant was technically discharged, but they do show that he was cruelly beaten and kicked by the master during the voyage without any justifiable cause, and that he left the ship for fear of further wanton injury from the master, and that he had reasonable grounds for his fears. Those grounds were the repeated punishments he had received from the master during the voyage without justifiable cause, and the threats of the master after the schooner arrived on this coast. The statement of libellant is, that the master, on the 10th of July, 1865, said to him that he had a good mind to break his bones or knock him overboard, and that he would kill him if he did not leave the ship when she arrived in port. Under that threat he left the ship; and I am clearly of the opinion that he was justified in leaving. Suffice it to say, without repeating the testimony, the threats as stated are satisfactorily proved, and there is no reason to doubt that the previous cruel treatment and his threats combined induced the seaman to leave as alleged in the libel. Being justified in leaving the ship, the voyage as to his contract is ended, and his rights are the same as if he had been technically discharged. Emerson v. Howland [Case No. 4,441]; The Exeter, 2 C. Rob. Adm. 261; The Rovena [Case No. 12,090]; The Cadmus v. Matthews [Id. 2,282].

Repeated acts of cruelty and oppression on the part of the master, especially if accompanied by threats of death or enormous bodily harm, will justify a seaman in leaving the ship before the voyage is ended. Steele v. Thacher [Case No. 13,348]; Sherwood v. McIntosh [Id. 12,778]. Evidently, therefore, the suit cannot be defeated upon the ground that the voyage was not ended,

nor upon the ground that the libellant wilfully deserted the ship. The charges of incapacity, negligence, and wastefulness are not satisfactorily proved. On the contrary, I am of the opinion that if he really was discharged as alleged, that he was improperly discharged, and that he was entitled to the wages for which he contracted in the shipping articles. Whether nominally disrated or not, he was still more or less employed as cook and steward, and is entitled to his wages. Appellee insists that he is entitled to a greater sum than was allowed by the district court, but he did not appeal from the decree, and cannot be heard except in support of it. Airey v. Merrill [Id. 115]; Allen v. Hitch [Id. 224]; Stratton v. Jarvis, 8 Pet. [33 U. S.] 4; Canter v. American Ins. Co. 3 Pet. [28 U. S.] 318.

Most of the matters of fact have been fully argued by the counsel on the one side and the other, and in deciding the cause the court has been greatly assisted by those arments; but it cannot be expected that the opinion of the court will contain much more than the conclusion of the court upon matters of fact. The decree of the district court is affirmed, with costs.