## The Stonington and The Wm. H. Payne.[1]

*(Circuit Court, E. ᴅ. New York    July 7, 1885.)*

1. ADMIRALTY APPEAL—EVIDENCE—NEW PROOFS IN CIRCUIT COURT—TESTIMONY WITHHELD IN DISTRICT COURT—CIRCUIT COURT RULES 4 AND 15.

On a trial in the district court, claimants put in no testimony, and, on the libelant's testimony and the pleadings, a decree was rendered in favor of libelant. On appeal to the circuit court, claimants offered in evidence the depositions of witnesses taken in the circuit court, under libelant's objection to them that the witnesses were not examined in the district court, though present or procurable. *Held*, that the libelant had substantially complied with rule 15 of this court, requiring cause to be shown against the admission of new proofs, and that those depositions as to which it was proved that the witnesses had been present at the trial in the district court must be rejected, but not the others.

2. SAME—AFFIRMANCE.

On the pleadings and the new admissible proofs, the decision of the district court in favor of the libelant was affirmed.

Admiralty Appeal.

*Jas. K. Hill, Wing & Shoudy,* for libelant, the Lehigh Coal & Navigation Co.

*Miller, Peckham & Dixon,* for the Stonington.

*Carpenter & Mosher,* for the Wm. H. Payne.

BLATCHFORD, Justice. In this case the claimants of the two vessels libeled put in separate answers. At the trial the libelant produced two witnesses. The claimants put in no testimony. There was a decree for the libelant against both vessels. The claimants of both appealed to this court. The petition of appeal on behalf of the Payne states that on the appeal her claimant "intends to seek a new decision on the law and facts, and to have said cause heard anew in

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

the circuit court on the pleadings and proofs in the district court, and other proofs to be introduced in the said circuit court." The petition of appeal on behalf of the Stonington states that on the appeal her claimant intends only "to have the said cause heard anew on the same pleadings and the same proofs, and such other proofs and testimony as may be offered." Rule 4 of this court (rule 119 of the circuit court for the Southern district of New York) provides that the written appeal shall "state whether it is intended on the appeal to make new allegations, to pray different relief, or to seek a new decision on the facts; and the appellants shall be concluded in this behalf by the appeal filed." Rule 15 of this court (rule 130 of the circuit court for the Southern district of New York) is as follows:

> "If the appellee shall have any cause to show why new allegations or proofs should not be offered or new relief prayed on the appeal, he shall give four days' notice thereof, and serve a copy of the affidavit containing the cause intended to be shown; and such cause shall be shown within the two first days of the term; otherwise, the appeal shall be allowed according to its terms."

The final decree in the district court was entered March 18, 1885. The petition of appeal in the case of the Payne was filed March 28, 1885, and that in the case of the Stonington, April 6, 1885. On May 16, 1885, the depositions of five witnesses on the part of the Payne were taken in this court, on notice, two of them being cross-examined on the part of the libelant. Before the examination commenced, the libelant entered on the record an objection to the taking of any testimony on the part of the Payne, on the ground that no testimony was taken on her behalf in the district court, "although the witnesses not produced were present, or, if not, were procurable, and might have been examined then." It is not shown that any one of these five witnesses was present at the trial in the district court, or that his testimony could have been procured for that trial. On May 21, 23, and 29, 1885, the depositions of six witnesses on the part of the Stonington were taken in this court on notice, five of them being cross-examined on the part of the libelant. Before the examination commenced, the libelant entered on the record an objection to the taking of any testimony on the part of the Stonington, on the ground that no testimony was taken on her behalf in the district court, "although the witnesses were present or procurable." It appears by the record of their testimony that two of those six witnesses were present at the trial in the district court, but nothing is shown as to the other four.

At the hearing in this court the depositions so taken in this court were offered as evidence against the libelant, and it took the objection that they should be rejected because they were not taken for, or the witnesses examined at, the trial in the district court. As authority for the rejection, the decision of the circuit judge in the case of *The Saunders*, 23 Fed. Rep. 303, in the circuit court for the Southern dis-

trict of New York, is invoked. In that case the opinion of the court states that the appellee moved to suppress the depositions of witnesses taken in this court by the appellant, "because, although the witnesses were present at the instance of the appellant, at the hearing in the district court, they were not examined." The motion was granted because the testimony had been deliberately withheld in the court below.

I think the appellee has substantially complied with rule 15 in regard to the two witnesses for the Stonington who are shown to have been present at the trial in the district court, but not as to any of the other witnesses; and that, as to all but those two, the appeals must be allowed according to their terms; that is, with new proofs. As to those two, the ruling in *The Saunders* must be applied as the law of the circuit, so long as it stands unreversed by the supreme court.

The two witnesses referred to are Coon, the bow watchman of the Stonington, and Griffin, her captain. Their depositions are rejected. The two witnesses in the district court were Waite, the captain of the Catasaqua, in tow of the Payne, and Hughes, the captain of the Hazard, in tow of the Payne. On their testimony, in connection with the pleadings, the district court held the Payne to have been in fault, because, although she gave to the Stonington a signal of two whistles, to which the latter made no reply, the Payne did not immediately stop and reverse her engine. The court was of opinion that if she had done so she could have kept her tow from striking the drilling-machine, notwithstanding the flood-tide; and that if, when she gave that signal to the Stonington, it was impossible for her to avoid the drilling-machine by stopping and reversing, she was in fault for having a tow which she could not control. The district court held the Stonington to have been in fault, because, receiving a signal of two whistles from the Payne, she did not immediately reply, but kept on, and then gave a signal of one whistle to the Payne, at a time so late as to cause the Payne, in order to avoid a collision with the Stonington, to stop at a point so near to the drilling-machine as to be unable to avoid a collision with it.

These views are the same which result, as to each vessel, from her answer and from the new admissible proofs, and there must be a decree in accordance with that of the district court, with costs to the libelant in both courts.

This decision governs the case of *The Continental Ins. Co.*, so far as the facts of it are the same.