## THE GALILEO.[1]

### THE EDGAR BAXTER.

### RIEDEMANN and others *v.* THE GALILEO and another.

*(Circuit Court, S. D. New York. October 12, 1886.)*

1. ADMIRALTY—DISTINCTION BETWEEN APPEALS AND WRITS OF ERROR.
    In suits against joint tort-feasors, if the defendants answer severally and not jointly, their interests are severed, and, if a judgment be recovered against one, he may sue out a writ of error without joining the other defendant. The writ of error is, in effect, the foundation of a new suit; and the only questions brought up for review are those arising between the person who takes out the writ and the opposite party, because the party who is not joined in the writ is no longer in the case. This is not so, however, in admiralty, when the appeal suspends the operation of the decree, and brings up the whole cause for a new hearing. The appellant alone can be heard in support of the appeal, but all parties interested in supporting the decree appealed from are entitled to be heard.
2. SAME—DECREE ON APPEAL.
    The libelants proceeded against two vessels for damages by collision. The district court dismissed the libel, with costs, as to one, and awarded the libelants their whole damages, with costs, against the other. An appeal was taken by the latter vessel, and also by the libelants. The libelants subsequently abandoned their appeal. Upon the hearing in the circuit court all parties appeared, and litigated the cause. The decree of the district court was reversed, and both vessels pronounced in fault. *Held,* that although the libelants were in the position of not having appealed, they were entitled to a decree against both vessels, such a decree being necessary to protect the appellant and do full justice between all parties; but that the libelants were not entitled to costs of the circuit court.
3. COLLISION—APPEALS—LIBELANTS NOT JOINING IN APPEAL—FORM OF DECREE.
    When, in a cause of collision, a libel against two vessels has been dismissed as to one and sustained as to the other, and if therefrom the latter alone appeals, the libelants, though not appealing, will be entitled to the same form of decree as if they had appealed, though not to costs.

Admiralty. Motion for decree and costs. For opinion of court, see 28 Fed. Rep. 469.

*H. Putnam,* for libelant.

*Owen & Gray,* for the Edgar Baxter.

*E. C. Henderson* and *James Thomson,* for the Galileo.

WALLACE, J. Upon the settlement of the decree in this cause, the fact was first brought to the attention of the court that the appeal which

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

had been taken by the libelants from the decree of the district court had been withdrawn and abandoned, and therefore, at the time of the hearing in this court, the libelants were in the position of not having appealed from the decree. The libel was filed against the tug Baxter and the steam-ship Galileo, jointly, to recover damages to the bark of the libelants for a collision alleged to have been produced by the negligence of both the Baxter and the Galileo. Separate answers were interposed, each vessel denying negligence on its own part, and asserting negligence on the part of the other. The district court exonerated the Baxter, and pronounced the Galileo solely responsible. The decree dismissed the libel as to the Baxter, with costs, and awarded the libelants their whole damages against the Galileo, with costs. The Galileo appealed from this decree, and so did the libelants; but, as now appears, the latter abandoned their appeal. Upon the hearing in this court the owners of the Baxter as well as the libelants appeared, and litigated the cause. This court reversed the decree of the district court, and pronounced both vessels in fault.

If the libelants had appealed, they would have been entitled to a decree in the form approved in *The Alabama*, 92 U. S. 695; that is, to a primary award against each vessel of a moiety only of the libelants' damages, with interest and costs, and a further award against each vessel of such part of the moiety of the other as the libelants might be unable to collect of the latter. But the point is now taken in behalf of the Baxter that, as the libelants did not appeal from the decree of the court below dismissing the libel as to her, they cannot be heard, except in support of the decree, and can have no decree against her in this court; and it is insisted for the Galileo that, if there can be no recovery for the libelants as against the Baxter, they should not recover against the Galileo more than a moiety of their damages.

It is familiar law that a party who does not appeal cannot be heard upon the appeal, except in support of the decree below. This is the rule, not only in admiralty, but also in equity. In suits at law against joint tort-feasors, when the defendants answer severally, and not jointly, their interests are severed, and, if a judgment is recovered against one only, he may sue out a writ of error without joining the other defendant. *Thomas* v. *Lane*, 2 Sum. 1; *Cox* v. *U. S.*, 6 Pet. 172. In such case, the only parties in the appellate court are the one who takes the writ of error and the opposite party. The writ of error is a new suit in effect, and of course the only questions brought up for review are those arising between these parties only, because the party who is not joined in the writ of error is no longer in the case. This is not so, however, in admiralty or in equity, where the appeal suspends the operation of the decree below, and brings up the whole cause for a new hearing. Although a writ of error has been brought from a judgment at law, the judgment is nevertheless a bar and estoppel until reversed. In equity, however, the decree does not have this effect, when an appeal has been taken. See *Sharon* v. *Hill*, 26 Fed. Rep. 337, 345.

In suits in equity the real controversy is often between parties who

have been joined as defendants, rather than as between either of them and the plaintiff. An appeal by one defendant brings up the whole controversy, so far as it affects him, and all parties interested in supporting the decree appealed from are entitled to be heard, although no party except the appellant can be heard in support of the appeal; and, if the decree is affirmed, these parties are entitled to costs as against the appellant. In a case where the plaintiff's bill was filed against two defendants, who separately claimed the same property, and, the plaintiff having obtained a decree, one defendant appealed, the court, being of opinion that the other defendant was entitled to the property, dismissed the bill on the appeal, as against both defendants. *Vaughan* v. *Halliday*, L. R. 9 Ch. App. 561; *Kent* v. *Freehold Land & Brick-making Co.*, L. R. 3 Ch. App. 493.

In the present case the libelants could have proceeded against either vessel, and recovered their whole damages, notwithstanding it might have appeared that the collision was produced by the contributing negligence of both. *The Atlas*, 93 U. S. 303. It was to obviate the hardship of compelling one vessel to pay the whole damages for a collision in which another vessel, not sued, was equally guilty with the vessel sued, that led to the adoption of supreme court rule 59, (112 U. S. 743,) by which the claimants of the vessel sued can require another vessel, which contributed to the same collision, to be proceeded against in the same suit. The object of this rule is to prevent a libelant from pursuing one vessel alone, when two are equally responsible for the damages caused by a collision, and to require both, at the option of either, to be brought in, that a decree for a moiety of the damages may be made against each, when such a decree will fully protect the libelant.

The party most interested in supporting the decree of the district court was the Baxter. Her owners were entitled to be heard in support of it on the appeal, and they were heard. If their present contention is correct, either the Galileo has appealed in vain, because, although she ought to be held responsible primarily only for a moiety of the damages, she must now be held for the whole, or the libelants, who had no reason to be dissatisfied with the decree of the district court, inasmuch as they were awarded their whole damages against the Galileo, must lose a moiety of the damages, because they did not appeal, and further litigate the cause for the benefit of the Galileo. The statement of such a proposition is its answer.

The decree will follow the form approved in *The Alabama*. The libelants are entitled to the costs of the district court, but not to the costs of this court; and the Galileo is entitled to the costs of this court against the Baxter.