## SHAW v. FOLSOM.

(*Circuit Court, S. D. New York.* November 11, 1889.)

ADMIRALTY—APPEAL—REVIEW.
  On an appeal from the district court in an admiralty cause, the circuit court will not award increased damages to the appellee, though the allowance made by the district court was too small. The case of *The Hesper*, 122 U. S. 256, 7 Sup. Ct. Rep. 1177, commented upon.

In Admiralty. Libel for damages. On appeal from district court. 38 Fed. Rep. 356.

*H. G. Ward,* for appellant.

*H. Putnam*, for appellee.

WALLACE, J. I find that the facts in this case are that the master of the brig called the attention of the charterer's agent, while the ship was being loaded, to the clause in the charter-party by the terms of which the cargo to be furnished to the charterer was not to exceed 850 tons; informed him that, if more cargo was put on board, the ship could not cross the bar in Charleston harbor; stated that he believed the full amount had been put on board, but, yielding to and relying on the statements of the agent to the contrary, permitted 91½ tons more than the agreed quantity to be laden on board. It was in the power of the agent to ascertain much more definitely the quantity put on board than the master could, because he knew how much the carts and lighters would carry, while the ship lay in the open roadstead, some distance from shore, and the sea was so rough that the master could not determine with accuracy the draught of the brig. Upon these facts, the decree of the district court was, in my opinion, more favorable to the appellant than it should have been, and the libelant should have recovered the whole expenses of the delay of his ship at the bar in Charleston harbor, as well as the stipulated demurrage per day. As the libelant has not appealed, he cannot claim greater damages in this court than were allowed by the district court.. *Airey* v. *Merrill*, 2 Curt. 8; *Allen* v. *Hitch*, Id. 147; *The Alonzo*, 2 Cliff. 548. This court cannot decree increased damages without first reversing the decree of the district court; and this it cannot do on the prayer of the appellee. *The Peytona*, 2 Curt. 21, 27. See, also, *The Roarer*, 1 Blatchf. 1. The libelant cites the case of *The Hesper*, 122 U. S. 256, 7 Sup. Ct. Rep. 1177, and insists that the appeal of the charterer opens the whole case, and authorizes the court to decree in his favor beyond the sum awarded by the district court. I do not understand that the supreme court, in that case, intended to overthrow the long-established rule, repeatedly declared by it, that the party to an admiralty cause, or to an equity cause, who does not appeal, can only be heard in support of the decree of the court below. *Chittenden* v. *Brewster*, 2 Wall. 191; *Stratton* v. *Jarvis*, 8 Pet. 4; *The William Bagaley*, 5 Wall. 412; *The Quickstep*, 9 Wall. 665; *The Stephen Morgan*, 94 U. S. 599. That case was a suit for salvage; and while it decides that an award to a salvor who appeals may be reduced, although the adverse party does not appeal, it decides nothing more; and it is not to be supposed that the court would overrule its previous decisions without saying so, or without referring to them. As an authority upon the general question, see *The City of Antwerp*, 37 Law J. Adm. 25, decided on appeal to the privy council in 1868.