THE F. W. VOSBURGH.

THE CIAMPA EMILIA.

CIAMPA v. THE F. W. VOSBURGH.

*(Circuit Court of Appeals, Second Circuit. January 18, 1892.)*

1. COLLISION—TUGS AND TOWS—VESSEL AT ANCHOR—CHANGE OF COURSE.
   A tug, with a ship in tow on a hawser, gave a rank sheer in an attempt to pass from one side to the other of a dredge anchored in midstream, when so near the latter that, although the ship instantly put her helm hard over to follow the tug, she came in collision with the dredge. *Held*, that the tug was liable.
2. APPEALS—PARTY NOT APPEALING CANNOT BE HEARD.
   Where libelant has not appealed, he cannot contend in this court that certain items of his loss were improperly disallowed in the court below.
   41 Fed. Rep. 57, affirmed.

In Admiralty. Appeal from the circuit court of the United States for the eastern district of New York. The district court sustained the libel against the tug, (41 Fed. Rep. 57,) and claimants appealed to the circuit court, which affirmed *pro forma* the decree of the district court, and claimants appealed to this court. Affirmed.

See 46 Fed. Rep. 866.

*Hyland & Zabriskie*, (*Josiah A. Hyland*, of counsel,) for appellants.

*Wing, Shoudy & Putnam*, (*Charles C. Burlingham*, of counsel,) for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a libel brought by the owner of the ship Ciampa Emilia to recover damages sustained by a collision which took place in the Delaware river, at Mifflin bar, November 2, 1888, with the dredge Arizona, then anchored in mid channel. The ship at that time was in tow of the tug F. W. Vosburgh, going northward, bound for Philadelphia. The dredge was anchored on the bar by spuds. She was about 92 feet long and about 34 feet wide. The ship was being towed on a hawser about 250 feet long. The tide was

strong flood. The libel avers that, when very near the dredge, the Vosburgh took a rank sheer to port, and undertook to pass to the westward of the dredge, and, although the ship instantly put her wheel hard a-starboard, and went off to port several points, she was so close to the dredge that she fetched up on one of the lines by which it was anchored, and her port bow was brought into collision with the easterly corner of the dredge. The Vosburgh asserts that the collision was brought about solely by the carelessness of those in charge of the ship, in that they did not properly steer her to follow the tug; that the tug had shaped her course to pass to the westward of the dredge in due season, but that when she had arrived about opposite, and about 60 or 70 yards to the westward of the dredge, the ship took a sudden rank sheer to eastward, and thereby brought her port bow into collision with the dredge. The learned district judge, who decided this cause in the court below, accepted the theory of the libelant, and concluded that the collision arose from the attempt of the Vosburgh to pass from the east to the west side of the dredge when so near that the ship, while following the tug, brought up upon the line of the dredge. The case turns wholly upon questions of fact. The claimants have taken the testimony of two witnesses, that of Dasey, master of the tug M. W. Hunt, and Tees, the cook of that tug, who were not examined in the district court. The tug Hunt delivered a message to the ship, and then proceeded alongside, not fast to her, but keeping close by her on her port side, until the collision took place. We are satisfied that the decree of the district court was right. It will not be useful to make any extended reference to the proofs. It is proper to say, however, that we attribute very little weight to the testimony of Bacon, the pilot of the Canonicus, and none at all to the testimony of the two new witnesses, Dasey and Tees. Dasey's testimony is completely overthrown by his previous affidavit of November 10, 1888, in which he stated, in substance, that the collision was caused by the rank sheer to port made by the Vosburgh. The circumstance that their tug struck the westwardly corner of the dredge when the ship struck the easterly corner is significant. Why did not their tug follow the Vosburgh, if the Vosburgh was a hundred feet to the westward of the dredge, and the ship suddenly sheered more than that distance to the eastward? We accept the evidence adduced by the ship, all on board of her having been examined, as satisfactory to the fact that she was trying to follow the tug at the moment of the collision, and was not guilty of any carelessness. The libelant insists that certain items of loss were improperly disallowed in the court below. As the libelant has not appealed, we cannot notice this contention. The decree below is affirmed.