MUNSON S. S. LINE v. MIRAMAR S. S. CO., Limited.

(Circuit Court of Appeals, Second Circuit. February 23, 1909.)

No. 102.

ADMIRALTY (§ 106*)—APPEAL—TRIAL OF CAUSE ANEW—PARTIES.

An appeal in admiralty from a District Court to the Circuit Court of Appeals opens the whole case for trial de novo in the appellate court subject to its rules, and the fact that one party did not appeal does not preclude the court from directing the entry by the District Court of a decree more favorable to him.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 721; Dec. Dig. § 106.*

Nature of hearing on appeal, admission of new proof, see note to The Venezuela, 3 C. C. A. 322.]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 166 Fed. 722.

Charles Haight, for the motion.

C. R. Hickox, opposed.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. In this case we lately affirmed (166 Fed. 722) the decree of the court below, saying at the same time that, although the District Judge did not allow the libelant, appellee, as much as he was entitled to receive, he could not complain because he had not appealed. He now moves that we modify this decision on the ground that, an appeal in admiralty being a new trial, it makes no difference that he did not appeal. Irvine v. Hesper, 122 U. S. 256, 7 Sup. Ct. 1177, 30 L. Ed. 1175. In that case the District Court awarded $8,000 salvage to the libelants, who appealed to the Circuit Court. Though the claimant did not appeal, that court reduced the award to $4,200. The libelants then appealed to the Supreme Court, which affirmed this decree; Mr. Justice Blatchford saying at page 266 of 122 U. S., at page 1181 of 7 Sup. Ct. (30 L. Ed. 1175):

"The claimants not having appealed to the Circuit Court, it is suggested that they are liable for at least the amount awarded by the District Court, and that the Circuit Court could not reduce that amount, but had jurisdiction, on the actual appeal, only to increase it. It is well settled, however, that an

appeal in admiralty from the District Court to the Circuit Court vacates altogether the decree of the District Court, and that the case is tried de novo in the Circuit Court. Yeaton v. United States, 5 Cranch, 281, 3 L. Ed. 101; Anonymous, 1 Gall. 22, Fed. Cas. No. 444; The Roarer, 1 Blatchf. 1, Fed. Cas. No. 11,876; The Saratoga v. 438 Bales of Cotton, 1 Woods, 75, Fed. Cas. No. 12,356; The Lucille, 19 Wall. 73, 22 L. Ed. 64; The Charles Morgan, 115 U. S. 69, 75, 5 Sup. Ct. 1172, 29 L. Ed. 316. We do not think that the fact that the claimants did not appeal from the decree of the District Court alters the rule. When the libelants appealed, they did so in view of the rule, and took the risk of a trial of the case de novo. The whole case was opened by their appeal, as much as it would have been if both parties had appealed, or if the appeal had been taken only by the claimants."

A very interesting and difficult question is to be determined, upon which the decisions even of the same courts are not harmonious.

From 1789 to 1891 decrees of the District Court in admiralty were reviewed by appeal to the Circuit Court. Section 631, Rev. St. U. S. Such appeals were trials de novo. The libelant opened and closed the case in the Circuit Court, just as he had in the District Court. Either party could take new proofs in the Circuit Court at will (Supreme Court Admiralty Rules 49 and 50) and could put in new pleadings (The Charles Morgan, 115 U. S. 69, 75, 76, 5 Sup. Ct. 1172, 29 L. Ed. 316). The Circuit Court entered its own decree and executed it. The Lucille, 19 Wall. 73, 22 L. Ed. 64; The Saratoga, 1 Woods, 75, Fed. Cas. No. 12,356. In the former case Mr. Justice Miller said:

"An appeal in admiralty has the effect to supersede and vacate the decree from which it is taken. A new trial, completely and entirely new, with other testimony and other pleadings, if necessary, or if asked for, is contemplated—a trial in which the judgment of the court below is regarded as though it had never been rendered. A new decree is to be made in the Circuit Court. This decree is to be enforced by the order of that court, and the record remains there. The case is not sent back to the District Court for executing the decree, or for any other proceeding whatever, and that court has nothing further to do with it."

In this circuit, however, proofs taken in the Circuit Court which could have been taken in the District Court might be suppressed. The Saunders (C. C.) 23 Fed. 303; The Stonington (C. C.) 25 Fed. 621. This is quite consistent with the trial being de novo.

But the matter of reviewing decrees in admiralty causes of the Circuit Court in the Supreme Court has been the subject of great changes in legislation. From 1789 to 1803 the review was by writ of error, and the Supreme Court had, as in actions at common law, the power to consider questions of law only. This was the result of the construction given by the majority of the court in the case of Wiscart v. D'Auchy, 3 Dall. 321, 1 L. Ed. 619, to sections 21 and 22 of the judiciary act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 83, 84). Subsequently Act March 3, 1803, c. 40, 2 Stat. 244 (sec. 692, Rev. St. U. S.), gave the Supreme Court the right to review admiralty causes by appeal, and from that time down to 1875 the court was authorized to pass upon the facts as well as the law. Unlike the Circuit Court, however, it did not enter or execute its own decree, but remanded the cause for further proceedings to the Circuit Court. Rev. St. U. S. § 701. New evidence might be taken in admiralty and prize causes, though not in equity causes. Rev. St. U. S. § 698 (U. S. Comp. St.

167 F.—61

1901, p. 568). This is strong evidence that admiralty appeals were to be new trials. Otherwise new proofs would be useless. In 1817 a rule was adopted (2 Wheat. vii) whereby new evidence could only be taken by leave of the court. Supreme Court Rule 12;[1] The Mabey, 10 Wall. 419, 19 L. Ed. 963. Notwithstanding these regulations the appeal in the Supreme Court remained a new trial.

As Judge Wallace, speaking for this court, said in The Havilah, 48 Fed. 684, 1 C. C. A. 77:

"Prior to the act of February 16, 1875 (18 Stat. 315, c. 77 [U. S. Comp. St. 1901, p. 525]), 'to facilitate the disposition of cases in the Supreme Court and for other purposes,' neither special findings of facts nor exceptions were a necessary part of the record upon an appeal in an admiralty cause, and the hearing in the Supreme Court and in the Circuit Court was a trial de novo."

In the case of Yeaton v. United States (1809) 5 Cranch, 281, 3 L. Ed. 101, the General Pinkney was condemned in the District Court for the violation of an act of Congress passed February 28, 1806. On appeal to the Circuit Court this decree was affirmed November 7, 1807. On appeal to the Supreme Court the case came on for hearing March 7, 1809; the act of Congress in question having expired April 26, 1808. Chief Justice Marshall said:

"The majority of the court is clearly of opinion that in admiralty cases an appeal suspends the sentence altogether, and that it is not res adjudicata until the final sentence of the appellate court be pronounced. The cause in the appellate court is to be heard de novo, as if no sentence had been passed. * * * The court is therefore of opinion that this cause is to be considered as if no sentence had been pronounced; and, if no sentence had been pronounced, it has been long settled, on general principles, that after the expiration or repeal of a law no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute."

In Hobart v. Drogan (1836) 10 Pet. 108, 119, 9 L. Ed. 363, Mr. Justice Story said:

"No objection has been made to the amount of salvage decreed by the court below, if the libelants are entitled to any. And the objection has been properly abandoned; for the amount, under the circumstances, is certainly not unreasonable. Besides, this court is not in the habit of revising such decrees as to the amount of salvage, unless upon some clear and palpable mistake of gross overallowance of the court below."

In Post v. Jones (1856) 19 How. 150, 15 L. Ed. 618, the Supreme Court remitted the cause to the Circuit Court, with direction to adjust the salvage in accordance with the views expressed in its opinion. In the Camanche (1869) 8 Wall. 448, 479, 19 L. Ed. 397, one of the questions discussed in the Supreme Court was the amount of the salvage awarded in the Circuit Court. Mr. Justice Clifford, although affirming the decree of the Circuit Court, recognized the right of the Supreme Court to alter the amount, saying:

"Appellate courts are reluctant to disturb an award for salvage, on the ground that the subordinate court gave too large a sum to the salvors, unless they are clearly satisfied that the court below made an exorbitant estimate of their services."

In the case of The Connemara (1882) 108 U. S. 352, 360, 2 Sup. Ct. 754, 759, 27 L. Ed. 751, Mr. Justice Gray recognized that before

[1] 2 Sup. Ct. ix.

the act of 1875, to be presently considered, the Supreme Court had full jurisdiction of facts and law on admiralty, saying:

"Before the act of 1875, this court, upon an appeal in a case of salvage, gave the same weight, and no more, to the decree of the court below, that a court of common law would allow to the verdict of a jury, and might revise that decree for manifest error in matter of fact, even if no violation of the just principles which should govern the subject was shown. Post v. Jones, 19 How. 150, 160, 15 L. Ed. 618. Since the act of 1875, in cases of salvage, as in other admiralty cases, this court may revise the decree appealed from for matter of law, but for matter of law only, and should not alter the decree for the reason that the amount awarded appears to be too large, unless the excess is so great that, upon any reasonable view of the facts found, the award cannot be justified by the rules of law applicable to the case."

Then came Act Feb. 16, 1875, c. 77, 18 Stat. 315, which again restricted the power of the Supreme Court to the narrow limits prevailing between 1789 and 1803. The Francis Wright, 105 U. S. 381, 26 L. Ed. 1100. The material parts of the act are as follows:

"Section 1. That the Circuit Courts of the United States, in deciding causes of admiralty and maritime jurisdiction on the instance side of the court, shall find the facts and the conclusions of law upon which it renders its judgments or decrees, and shall state the facts and conclusions of law separately. * * * The review of the judgments and decrees entered upon such findings by the Supreme Court upon appeal shall be limited to a determination of the questions of law arising upon the record and to such rulings of the Circuit Court excepted to at the time as may be presented by a bill of exceptions prepared as in actions at law."

The next legislation was Act March 3, 1891, c. 517, 26 Stat. 826 (U. S. Comp. St. 1901, p. 549), which distributed all appeals between the Supreme Court (section 5) and the Circuit Court of Appeals (section 6). We think the first section of the act of 1875 must be regarded as repealed by necessary implication by the act of 1891. The Paquete Habana, 175 U. S. 677, 684, 685, 20 Sup. Ct. 290, 44 L. Ed. 320. All appellate jurisdiction having been taken from the Circuit Court, the judges of that court could certainly not thereafter make special findings of fact and conclusions of law; and, all appeals in admiralty causes having been restricted to the Circuit Court of Appeals, such conclusions of law and fact could not be reviewed by the Supreme Court.

Under the authority conferred by section 2 of the act of 1891 this court adopted rule 11,[2] requiring assignments of error to accompany the petition of appeal, and rule 14,[3] requiring all the testimony in the District Court to be included in the transcript of record, as required by Supreme Court admiralty rule 52. This was no more than was required upon appeal to the Supreme Court by sections 997 and 1012, Rev. St. U. S. (U. S. Comp. St. 1901, pp. 712, 716). Dufour v. Lang, 54 Fed. 913, 917, 4 C. C. A. 663. It further adopted special rules in admiralty, 1, 7, and 8. Rule 1 requires appeals to be heard on the pleadings and evidence in the District Court, unless the court otherwise orders; rule 7, that the court or any judge thereof may allow either party, upon sufficient cause shown, to make new allegations, pray different relief, interpose new defenses, or take new proofs. Finally, by section 10 of the act of 1891, this court does not, as the Circuit Court did, enter and execute its own decree, but remands the

[2] 79 C. C. A. xxvii, 150 Fed. xxvii.        [3] 79 C. C. A. xxviii, 150 Fed. xxviii.

cause to the lower court for further proceedings. These rules and this practice, being inconsistent with a new trial as previously understood in the Circuit Courts, provoked a protest from many of the leading practitioners in admiralty, which may be seen in Re Hawkins, 147 U. S. 486, 13 Sup. Ct. 512, 37 L. Ed. 251.

We are of opinion that this court stands with relation to the District Court exactly as the Supreme Court before the act of 1875 stood in relation to the Circuit Court. The appeal is still a new trial in this court, subject to the regulations before mentioned, and we have power to modify the decree of the District Court as the Supreme Court had between 1803 and 1876. The Western States, 159 Fed. 354, 360, 86 C. C. A. 354. This case illustrates how completely an appeal to this court is a trial de novo. It arose under section 566, Rev. St. U. S. (U. S. Comp. St. 1901, p. 461), giving either party in admiralty causes arising on the Great Lakes the right to a trial of issues of fact by a jury. The verdict of the jury was for the libelant in the sum of $15,000. The District Judge entered a decree for $5,000. We held the verdict binding and not advisory, so that the District Judge should either have entered a decree for $15,000 or have ordered a new trial. Still we affirmed the decree, because we thought the amount awarded the libelant sufficient.

That the act of 1875 does not apply to the Circuit Court of Appeals has been held in The Havilah, 48 Fed. 684, 1 C. C. A. 77; The Beeche Deene, 55 Fed. 526, 5 C. C. A. 207; The Philadelphian, 60 Fed. 426, 9 C. C. A. 54; The Glide, 72 Fed. 200, 18 C. C. A. 504; Nelson v. White, 83 Fed. 215, 32 C. C. A. 166; Pioneer Fuel Co. v. McBrier, 84 Fed. 495, 28 C. C. A. 466; The Edward H. Blake, 92 Fed. 202, 34 C. C. A. 297.

On the other hand, it has been held in many cases that one who has not appealed can be heard only in support of the decree, and therefore can get in the appellate court no more or other relief than it gives. Canter v. American Insurance Co., 3 Pet. 307, 7 L. Ed. 688; Stratton v. Jarvis, 8 Pet. 4, 8 L. Ed. 846; Airey v. Merrill, 2 Curt. 8, Fed. Cas. No. 115; The Peytona, 2 Curt. 21, Fed. Cas. No. 11,058; Allen v. Hitch, 2 Curt. 147, Fed. Cas. No. 224; The Alonzo, 2 Cliff. 548, Fed. Cas. No. 2,223; The Roarer, 1 Blatchf. 1, Fed. Cas. No. 11,876; The William Bagaley, 5 Wall. 377, 412, 18 L. Ed. 583; The Quickstep, 9 Wall. 665, 672, 19 L. Ed. 767; The Maria Martin, 12 Wall. 31, 20 L. Ed. 251; The Mabey, 13 Wall. 738, 20 L. Ed. 473; The Stephen Morgan, 94 U. S. 599, 24 L. Ed. 266; Shaw v. Folsom (C. C.) 40 Fed. 511; The F. W. Vosburg, 50 Fed. 239, 1 C. C. A. 508; The Atlantis, 119 Fed. 568, 56 C. C. A. 134; Leary v. Talbot (D. C.) 151 Fed. 355; Vaccarezzo v. 567,000 Gallons of Oil (C. C. A.) 161 Fed. 543.

We have followed this practice in many cases in this circuit, with an exception, in favor of libelants who have proceeded against two vessels and recovered a decree in the District Court against one only, that if the vessel at fault appeals, and both are held at fault, the libelant is entitled to a decree against both, although he has not appealed. This was necessary to protect the appellant. The Galileo (C. C.) 29 Fed. 538, 540; The Umbria, 59 Fed. 489, 8 C. C. A. 194.

It is true that Judge Blatchford in the case of The Hesper was speaking of the power of the Circuit Court. Still in referring to the case of The Connemara, supra, he fully recognized the fact that before the act of 1875 the Supreme Court had power to alter decrees in admiralty brought to it on appeal, and what he said as to the power of the Circuit Court, while perfectly consistent with the cases of The Charles Morgan, The Lucille, The Saratoga, Yeaton v. United States, Hobart v. Drogan, Post v. Jones, and The Connemara, supra, is absolutely inconsistent with the views of the judges in the cases holding that one who has not appealed can be heard only in support of the decree. As we find it impossible to reconcile these two views, and must choose between them, we prefer to follow the case of Irvine v. The Hesper as the simpler and more effective practice, as well as the latest pronouncement of the Supreme Court on the subject.

We therefore modify our former decision by directing the court below to increase the item of allowance for delay connected with dry docking from $105.75 to $310.27, and enter a decree in favor of the libelant for the sum heretofore awarded, so increased, with costs.