### THE MINNIE.

### THE VALENTINE.

(Circuit Court of Appeals, Second Circuit. June 25, 1915.)

#### Nos. 299, 300.

1. COLLISION ⟲⇒125—SUIT FOR DAMAGES—FAILURE OF PROOF.
     A libel for collision *held* properly dismissed on the ground that libelant had not sustained the burden of proof because it could not be determined on the conflicting evidence which vessel was in fault.
     [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 266–279; Dec. Dig. ⟲⇒125.]

2. ADMIRALTY ⟲⇒117—APPELLATE PROCEDURE—AMENDMENTS AND TRIAL OF CAUSE ANEW.
     Although on an appeal in admiralty in the second circuit a cause may be tried de novo, issues not made by the pleadings nor tried in the court

---

⟲⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

below will not be heard unless the pleadings are amended and notice given within the time prescribed by court rule 7 (208 Fed. xxii, 124 C. C. A. xxii).

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 748–757; Dec. Dig. ☞117.

Nature of hearing on appeal, admission of new proof, see note to The Venezuela, 3 C. C. A. 322.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit for collision by the Staples Transportation Company, owner of the coal barge Canton, against the steam tug Minnie and barge Valentine, the Thames Towboat Company, claimant, the steam tug Watuppa, impleaded; and by Henry H. Reed, cargo owner, against the same. Decree dismissing libels, and libelants appeal. Affirmed.

Harrington, Bigham & Englar, of New York City (T. C. Jones, of New York City, of counsel), for Staples Transportation Co.

A. B. A. Bradley, of New York City, for Reed.

Carpenter & Park, of New York City (Samuel Park, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. [1] September 11, 1913, there lay at anchor in a line along the eastern edge of the channel opposite the coal docks of the Pennsylvania Railroad Company at South Amboy, N. J., a schooner, above her the loaded coal barge Canton and above her still other barges. The channel is narrow, runs northwest and southeast, and the tide was ebb. A schooner was coming down on the west side of the channel above the Canton on her port tack, and the tug Minnie was coming up with the light barge Valentine in tow on a hawser 180 feet long bound to an anchorage above the Canton. Between them the tug Watuppa fast to the starboard side of the Canton was rounding her to into the channel to pass down. The Minnie blew a signal of two whistles to the Watuppa, indicating that she would pass up starboard to starboard, which the Watuppa answered with two, indicating her acquiescence. The Minnie passed about 50 feet clear of the bow of the Canton having the schooner just abeam on her port side, but the Valentine came into contact with the port bow of the Canton, then heading across the channel, damaging the Canton and her cargo. The owners of the Canton as well as the owners of her cargo filed libels against the Minnie and the Valentine, whereupon the claimant of the Minnie and the Valentine brought in the Watuppa under the fifty-ninth rule in admiralty.

The witnesses from the Canton say that the collision occurred as the result of the Valentine sheering into the Canton, while the witnesses from the Minnie say that the Watuppa shoved the Canton across the Valentine's bow. Judge Mayer was unable to discredit any of the witnesses or to determine which account was correct. Indeed, it was a situation where the motion of one vessel might very easily be attributed by observers to the other. Therefore under The City of Chester

(D. C.) 18 Fed. 603, 605, he dismissed the libel without costs on the ground that the libelant had not sustained the burden of proof.

[2] At the hearing in this court counsel for the cargo of the Canton contended that the Minnie should be held at fault for crowding into the narrow space between the down-coming schooner and the Canton executing the awkward maneuver of turning around to head down the channel. It was said that the Minnie on an ebb tide ought to have waited until the channel was clear. If this argument is open to the claimant of the Watuppa notwithstanding her acquiescence in the navigation proposed by the Minnie, still we cannot consider it. No such charge of negligence was made in any of the pleadings, nor was any question asked of any witness on the subject. Although an appeal in admiralty is in this circuit a new trial (Munson S. S. Line v. Miramar S. S. Co., 167 Fed. 960, 93 C. C. A. 360), our admiralty rule 7 (208 Fed. xxii, 124 C. C. A. xxii) requires applications to make new allegations or to take new proofs to be made within 15 days after filing of the apostles and upon 4 days' notice to the other side. Upon this record it would be very unfair to the claimant of the Minnie and Valentine to consider a new charge of negligence, and the time within which it could have been pleaded is past.

The decrees are affirmed, with costs of this court to the claimant of the Minnie and Valentine.