Casey, C. J.,
delivered the opinion of the Court.
The claimants prosecute this suit to recover from the United States the sum of one thousand and thirty-five dollars and forty cents. This claim is based upon an alleged overcharge of duties upon certain linens imported by them into the port of Baltimore, between the years 1852 and 1858, parts of both inclusive. The goods were consigned to them by parties in Ireland, accompanied by invoices fixing the wholesale prices, and from the aggregate amount showing a deduction of five per centum for cash payments. In the entry of the goods at the custom-house this five per centum was at first deducted from the amount upon which the duties were to be charged; but subsequently, in each case, one-half of this five per centum was added to the invoice *378 again, and the duties charged upon the aggregate, with such two and a half per centum included. It is the amount of the duties which were assessed and paid on this two and a half per centum that is alleged to be excessive and illegal, and for which this suit is brought.
In the brief and argument presented for the claimants, the right to recover is predicated on two grounds:
1st. That the appraisers deducted the five per centum, and their action was conclusive upon the collector, and he could not afterwards change the invoices.
2d. That the invoice prices with the five per centum deducted represented the true market value, and upon which alone the duties could be assessed.
I. In relation to the first ground assumed, it is sufficient to say that it is not presented in such a way that we can consider it. In the first place, it is not set forth in the petition as a ground of complaint or the foundation of a recovery. In the next place, there is no competent proof that any such appraisements were ever made. These appraisements are always in writing; and, being so, they must be produced as the best evidence of what they contain, or their non-production duly accounted for. In this case we have no sufficient reason shown for their absence, and we are therefore without any evidence whatever in relation to the appraisements. As official papers and office copies, the originals need not be produced — properly authenticated or sworn copies would be sufficient.
But there is a still more formidable objection to this part of the plaintiffs’ case. The act of 26th February, 1845, § 1, 5 Stat., 727, provides that, lo entitle the party paying excessive duties to recover them back, he shall, at the time of paying them, file a protest, which shall he “ in writing and signed by the claimant, at or before the payment of said duties, setting forth distinctly and specifically the grounds of objection to the payment thereof.”
In the case of Barthold Selilessinger we held that no suit to recover hack an alleged excess could be sustained in this court, unless the provisions of the act had been complied with. We do not think wo erred in that ruling, and therefore adhere to it. In the present case a proper protest is alleged in the petition, but the proofs do not sustain the allegation, There are about sixty different and distinct importations, each one made at a distinct and different time from the other, and each requiring a separate and distinct protest.
*379 But one protest is produced, which is as follows : '
“ Geo. P. Kane, Esq.:
“We hereby protest against being compelled to pay duty on the discount of 2¿ per cent, on the invoice marked on this entry ‘add 2-Jper cent, for excess discount’ by the adjusting clerk, for the reason that the same is arbitrarily demanded, and that the 5 per cent, discount does not reduce the invoice value below the actual wholesale cost on which duty is to be assessed, and we claim to have the said excess refunded to us. We pay the amount now to prevent all misunderstanding, and shall hold you personally responsible fur the return of the same.
“BROWN & WINCHESTER.
“'Baltimore, October 8, 1852.”
The “entry” upon which this protest was written, and which was necessary to connect it with the claimants’ importation at all, is not given. It may as well apply to something else as to this case. It is attempted to supply this want, as well as the protests in all the other instances, by the oral testimony of the present deputy collector. He states that the other protests were substantially the same as the one produced. He gives no other reason for the non-production of the papers than the want of time and the inconvenience of a search for them. We cannot admit the validity of such grounds for the introduction of oral proofs of documentary evidence. Nor would this evidence help the claimant if he could receive it. The protest is fatally defective. The act requires that it shall bo signed by the claimants. This protest is signed by “Brown & Winchester.” Whether these are the Robert D. Brown and James Winchester who are claimants, is not alleged or proved. Nor does the protest allege as a ground of objection that the value was fixed and adjusted by the appraisers. The claimant is confined by the express terms of the act, and the decisions of the courts made upon it, to the grounds of objection alleged in the protests. So that, unless the protests withheld are different from that produced, ho is not injured by the failure to produce them, as they are so defective in form and substance as (o preclude his recovery.
II. The only remaining ground of objection' specified in the protest, is against being compelled to pay duty on the discount of two and a half per centum. This raises only the legality of the assessment of the- duty upon that discount, without reference to or unaffected by any appraisement. This point we think untenable. The case of Ballard *380 v. Thomas, 19 How., 382, appears to be decisive of the point in dispute. In that case the Supreme Court of the United States gives a construction to the 8th section of the act of 1846, 9 Stat., 43 : “That section enacts that under no circumstances shall the duty be assessed upon an amount less than the invoice value, any law of Congress to the contrary notwithstanding.”
Mr. J. D. McPherson for the claimants.
Mr. J. B. Kerr, Deputy Solicitor, for the government.
In the case cited the claimants sought to secure a deduction from the price stated in the invoice of two and a half per centum for prompt payment. But the court rejected that view of the law, and disposed of it by saying: “ In respect to the deduction from the price on account of prompt payment, We think the fact does not vary or affect the price of the article as stated in the invoice. It relates simply to the mode of payment, which may, if observed, operate as a satisfaction of the price to be paid by the acceptance of a less sum.”
We think, in any aspect of this case, the claimants are not entitled to recover, and we accordingly dismiss the petition.