### ARTHUR *v.* GODDARD.

The plaintiffs below entered an importation of goods upon the following invoice: —

Bought , . . . . . . . . . . . . . . . . . . . . . . . . Fr's  8,670.25
Discount for cash on gross amount, two per cent, 8,766.60 . . . . . . . 175.30
                                                                          ——————
                                                                          Fr's  8,494.95

Terms cash. If not paid, interest to be added at the rate of six per cent.

As cash had not been paid, the two per cent discount was disallowed by the appraisers. The collector thereupon fixed the value of the goods as of the invoice price at 8,670.25 francs, and exacted duty thereon, although the actual market value of the goods in the country of exportation was 8,494.95 francs. *Held,* that the latter sum was also the invoice value, and that the duty on the two per cent was improperly exacted.

ERROR to the Circuit Court of the United States for the Southern District of New York.

In 1874, Goddard & Brother imported certain goods, of which the invoice, after giving the details of weight, &c., was as follows, viz.: —

Bought . . . . . . . . . . . . . . . . . . . . Fr's  8,670.25
Discount for cash on gross amount, two per cent, 8,766.60      175.30
                                                              ——————
                                                              Fr's  8,494.95

Terms cash. If not paid, interest to be added at the rate of six per cent.

The importers entered the goods at the net price stated in the invoice, — francs, 8,494.95, — and declared on the entry as follows: " Cash not paid on these goods, but are passed to our account, and are subject to interest at six per cent per annum."

The case finds, as matter of fact, that 8,494.95 francs was the actual market value of the goods at the time of their exportation, in the principal market of the country from which they

were exported, and that the purchase by the importers was at the figures named.

The appraisers disallowed the discount of two per cent, on the ground that the importers stated in the entry that the cash was not paid. The collector thereupon fixed the value of the goods at 8,670.25 francs; and the duty charged upon that valuation having been paid under protest, the importers brought suit to recover the excess.

Judgment was rendered in their favor, and the collector brought the case here.

*Mr. Assistant-Attorney-General Smith* for the plaintiff in error.

*Mr. William G. Choate, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The appraisers seem to have acted under the provision of the seventh section of the act of March 3, 1865 (13 Stat. 494), which declares " that the duty shall not be assessed upon any amount less than the invoice or entered value."

The actual value has been stated at 8,494.95 francs, and such was also the " invoice value." The entered or invoiced value spoken of in the statute means the value as it is stated in or upon the invoice. That value was, francs, 8,494.95. The value means the cash value. The price at thirty days' credit might be different, and the difference would probably be greatly increased by a credit of six months or a year, but the value or cost would still be the same. The difference would be chargeable to the credit, and not to a difference in the value of the goods. That the price was to bear interest at six per cent until paid for, or at sixty per cent, had no influence upon the question of their value. We think it quite clear that the net price is stated in this invoice to be the value of the goods; viz., francs, 8,494.95.

*Ballard et al.* v. *Thomas* (19 How. 382), is cited as an authority to the contrary. We do not so consider it. The judge at the trial of that case charged the jury as follows: " It being admitted that the duties were levied on the prices at which the iron was charged in the invoice, they are lawfully exacted; . . . that the entry in the invoice, that the plaintiff would be enti-

tled to a deduction for prompt payment, could not affect the amount of duty chargeable."

In delivering the opinion of affirmance in this court, Mr. Justice Nelson said : " In respect to the deduction from the price on account of prompt payment, we think the fact does not vary or affect the price of the article as stated in the invoice. It relates simply to the mode of payment, which may, if observed, operate as a satisfaction of the price to be paid, by the acceptance of a less sum." This is quite different from a case where the court is asked to fix the duties upon a different value from that stated in the invoice.

It is said, again, that the valuation of the appraisers is conclusive.

The statute already cited provides that it shall be the duty of the collector to cause the actual market value or wholesale price of the goods in the principal market of the country from which they are exported to be appraised, " and such appraised value shall be considered the value upon which the duty shall be assessed." 13 Stat. 493.

In this case, the appraisers did not profess to appraise or ascertain the market value of the goods. They simply gave a construction to the invoice ; they decided its legal effect to be that 8,670.25 francs is there declared to be the market value of the goods. They held as a legal proposition, that, in fixing the value, the discount of two per cent should not be allowed; and, as a result from this, that 8,670.25 francs, and not 8,494.95 francs, was the value.

Such is the effect of their return; and the view is strengthened, if strength is needed, by the statement of the case, that 8,494.95 francs was, in fact, the market value of the goods.

*Judgment affirmed.*