## THE UMBRIA.

CUNARD STEAMSHIP CO., Limited, v. NORDDEUTSCHE INS. CO. et al. SAME v. BRITISH & FOREIGN MARINE INS. CO., Limited. SAME v. SWITZERLAND MARINE INS. CO. SAME v. COATES. SAME v. ARNOLD et al. SAME v. DOLLARD. SAME v. LA HEMISPHERE INS. CO.

(Circuit Court of Appeals, Second Circuit. October 25, 1892.)

Nos. 46, 47, 48, 49, 50, 51, 52.

1. COLLISION—DAMAGES—LOSS OF CARGO.
   For a total loss of cargo, its value at the place of shipment, or its cost, including expenses, charges, insurance, and interest, should be allowed.

2. SAME—DAMAGE TO CARGO.
   If a cargo is recovered from a sunken vessel, the difference between the market value of the goods if uninjured and their value in their damaged condition should be allowed. That the owners obtained a rebate of duty on the goods because of their damaged condition is immaterial.

3. ADMIRALTY—APPEAL—COSTS.
   On a libel against one vessel for damages to the cargo of another by collision and a decree against her, if the decree is reversed on appeal by claimant therefrom, on the ground that both vessels were in fault, appellant is entitled to costs.

4. SAME.
   Libelants in such case are entitled to a decree against the owner of the vessel sunk, to the same extent as though they had appealed, but without costs of the appellate court.

Appeals from the District Court of the United States for the Eastern District of New York.

In Admiralty. Libels by the Norddeutsche Insurance Company and others, by the British & Foreign Marine Insurance Company, Limited, by the Switzerland Marine Insurance Company, by James S. Coates, and by Benjamin R. Arnold and others, against the steamship Umbria, the Cunard Steamship Company, Limited, claimant; also by Samuel H. Dollard and by La Hemisphere Insurance Company against said Cunard Steamship Company and another,—for damages to the cargo of the steamship Iberia, sunk by collision with the Umbria. Decrees for libelants. 40 Fed. 893. The Cunard Steamship Company appeals. Reversed.

For report of the decision on appeal from the decree of the district court on the libel by the owner of the Iberia against the Umbria for the same collision, see 3 C. C. A. 534, 53 Fed. 288.

Frank D. Sturges and Frederic R. Coudert, for appellant.

Robert D. Benedict, Wilhelmus Mynderse, Clifford A. Hand, and John McDonald, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. These are suits by the several libelants, some against the steamship Umbria and the owner of the steamship Iberia, and one against the owners of the two vessels, to recover damages to cargo on board the Iberia, which was lost or injured by the sinking of that vessel by a collision with the Umbria. By the

decrees of the district court the Iberia was adjudged not to be in fault for the collision, and the libel against her owner was dismissed, and the Umbria was adjudged to be solely in fault, and damages were awarded against her or her owner for the whole loss of the several libelants. The owner of the Umbria appealed to this court. None of the libelants appealed. The assignments of error by the appellant raise the questions whether the Umbria was free from fault for the collision, whether the Iberia was in fault, and whether excessive recoveries were awarded to the respective libelants.

Our decision in the case of Cyprien Fabre against the Cunard Steamship Company, in which we held both vessels in fault for the collision, must control the present causes; the evidence in each of them as to the circumstances of the collision being the same as in that case. The decrees must, therefore, be reversed, in order to charge the owner of the Iberia with his share of the damages.

We have examined the various exceptions to the report of the commissioner upon the question of damages, which were overruled by the district court, and as to which error is assigned, and find no error in the decrees. In some of the causes the cargo was a total loss, none of it having been recovered from the sunken vessel. In such cases, the correct rule of damages is to allow the value of the cargo at its place of shipment, or its cost, including expenses and charges and insurance and interest. See The Aleppo, 7 Ben. 120. The commissioner correctly included among the expenses all the items which he allowed. In some of the causes cargo was recovered from the sunken vessel, and sold at the city of New York, after various expenses were incurred in putting it into a proper condition for sale. In such cases the correct rule of damages is to allow the difference between the market value of the goods if uninjured and the value in their damaged condition. That rule was observed. It is entirely immaterial whether the owners obtained a rebate of duty on the goods because of their damaged condition, or whether they paid the whole or a part or none of the duty. This question was considered in the case of The Eroe, 17 Blatchf. 16. Inasmuch as the several decrees must be reversed, and a decree in each case made in conformity with the principles announced in The Alabama and Game Cock, 92 U. S. 695, the appellant is entitled to recover the costs of this appeal. Although none of the libelants appealed, they are nevertheless entitled to a decree against the owner of the Iberia to the same extent as though they had appealed, but without costs of this court. The Galileo, 29 Fed. 538.

The decrees are reversed, and the causes remanded to the district court, with instructions to decree in conformity with this opinion.