### UNITED STATES WILLOW FURNITURE CO. v. LA COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.

(Circuit Court of Appeals, Second Circuit. February 10, 1921.)

No. 162.

1. **Admiralty ⬅➡83—Not error to refuse to send case to commissioner.**

The commissioner is an officer of the court, whose services may be availed of or dispensed with at the option of the court itself, there being no legal obligation on an admiralty tribunal to send any part of a case to a commissioner, so that the contention that the trial judge erred in not sending the case to the commissioner cannot be sustained.

2. **Shipping ⬅➡140—Bill of lading held to limit recovery to invoice value and freight, less proceeds.**

Where no package of the damaged goods exceeded the minimum value fixed by the bill of lading, which made the basis of settlement the invoice value, libelant is entitled to recover the invoice value, plus the freight, minus the net proceeds of the sale of the damaged goods, but not expenses and insurance, which are ordinarily recoverable in cases of total loss.

3. **Shipping ⬅➡140—Customs duties not subtracted from sale price of damaged goods, where bill of lading fixed basis.**

Where the bill of lading made the invoice value the basis of settlement for damaged goods, it was error to subtract from the sale price of such goods the customs duties paid thereon, since the sale price is presumed to have included the enhancement of value occasioned by the imposition of duties.

4. **Shipping ⬅➡140—Expenses of trucking and sale of damaged goods deducted from sale price.**

Where the shipper is entitled to recover the invoice value of the goods, plus freight, but minus the net proceeds of the sale of the damaged goods, the expenses of trucking the damaged goods and of conducting the sale are to be deducted from the proceeds of the sale to ascertain the net proceeds.

5. **Shipping ⬅➡131—Consignee allowed interest on damages from date of liquidation.**

Though the allowance of interest in admiralty is discretionary, it will be allowed on a libel to recover damages to a shipment of goods, where no reason appears for denying such allowance, the interest to be computed from the date of the liquidation of the damages by the completion of the sale of the damaged goods.

6. **Appeal and error ⬅➡845 (2)—Appellant cannot attack computation of exchange, where agreed statement included equivalent.**

On appeal in admiralty from an allowance of damages for imported goods based on the invoice value stated in francs, appellant cannot complain of the computation of the rate of exchange, where the agreed statement of facts stated the invoice value in both francs and dollars.

Appeal from the District Court of the United States for the Southern District of New York.

Libel in admiralty by the United States Willow Furniture Company against La Compagnie Générale Transatlantique. Decree for libelant, and respondent appeals. Reversed and remanded.

Libelant (hereinafter called Willow Company) was the ultimate consignee and actual owner of four consignments of bundles of willow shipped from Bordeaux to New York on steamers under charter to respondent and under

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the respondent's bills of lading. The willow was delivered so injured by water that two of the consignments were entirely wet, and of the others one was 80 per cent. and the other 91 per cent. wetted. Action was brought to recover damages for this cargo injury, and was tried on an agreed statement of facts, from which it appears that respondent admitted some liability and contested only the extent thereof.

The stipulation contained these words: "The aggregate invoice value of all of said willow damaged as aforesaid, without any charges for inland or other transportation or for other purposes whatever, is 33,980.92 francs, or $6,223.61, which constitutes the invoice value (without any charges whatever added for any purpose) of the damaged willow."

It further appears that Willow Company sold the damaged cargo for the gross sum of $1,184.41. It also appeared that the ocean freight, truckage in New York, customs duties, and expenses of sale were in the aggregate much more than said sum of $1,184.41. The defense or mitigation rested upon the eleventh article of the bill of lading under which the goods were carried. With unimportant differences in translation, the text of that article is found in Kuhnhold v. Compagnie Générale (D. C.) 251 Fed. 388. A material part of the article is that "in default of declaration of value the cargo owner shall not be allowed in any case more than one franc per cubic decimeter or per kilo, at the choice of the company, nor more than one thousand francs per package." It appeared that no single package of this willow had as great value as 1,000 francs, and that no value had been attached to the consignment by declaration in the bill of lading.

The trial court, with the foregoing facts before it, entered a decree in favor of Willow Company for $6,598.65, "the amount of the damages and loss sustained by it, and, in addition, the costs and disbursements of this action." Thereupon respondent took this appeal, assigning for error that the court erred in (1) failing to submit the case to a commissioner for assessment of damages and for the purpose of taking evidence as to the French law; (2) in computing the amount of damages; and (3) in assessing damages in money of the United States at the rate of exchange which existed at the time of shipment of the goods.

Joseph P. Nolan and Edward J. Garity, both of New York City, for appellant.

John N. Boyle and Pratt, Koehler & Boyle, all of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). In the view taken of the eleventh article of respondent's bill of lading the court below followed Kuhnhold v. Compagnie Générale, supra, and we agree that that case was properly decided, at least in so far as it affects the present litigation. The questions now in controversy did not, however, arise in the litigation referred to.

[1] As to the contention that the trial judge erred in not sending the case to a commissioner for any purpose, we overrule it. The commissioner is an officer of the court, whose services may be availed of or dispensed with at the option of the court itself. There is no legal obligation on the admiralty tribunal to send any part of a case to a commissioner. We may add that it is clear in this case that all the facts necessary for computation of damages were either agreed upon or proven without contradiction, while, as for the law of France, the time to prove that was at the trial; nor do we see that any contested question here existed that could be ruled by French law.

[2] The principle upon which damages were assessed was as follows: Inasmuch as no value had been declared, and no bundle of willow was worth as much as 1,000 francs the libelant should recover the value at the port of shipment (Bordeaux), less what the injured-goods realized in New York. As by the stipulation above quoted the invoice value of the injured willow was $6,223.61, without any charges whatever added thereto, this figure was the starting point of computation in exact accordance with the eleventh article of the bill of lading. The effect of the bill of lading was to exclude from recovery expenses, charges, and insurance which ordinarily in cases of total loss are recoverable. The Umbria, 59 Fed. 489, 8 C. C. A. 194, the reversal of which case in 166 U. S. 405, 17 Sup. Ct. 610, 41 L. Ed. 1053, does not affect this ruling.

Thus, owing to the low value of each package of willow, this case is one where, by agreement embodied in the bill of lading, the basis of settlement is invoice value, and it follows that the rule of damages is as stated in Pearse v. Quebec S. S. Co. (D. C.) 24 Fed. 285, and The Oneida, 128 Fed. 687, 63 C. C. A. 239, viz. libelant was entitled to recover invoice value plus freight, minus the net proceeds of the damaged goods. In theory, therefore, the ocean freight should have been added to the invoice value; in practice, of course, it made no difference whether it was so added or subtracted from the proceeds of the injured willow.

[3, 4] But in subtracting from such proceeds the customs duties we think error was committed. The market value of any imported goods, injured or uninjured, at the port of destination, is presumed to include that enhancement of money value occasioned by the imposition of duties; and when such duty-paid goods are sold the price obtained is by the customs duties so much the greater. The matter is one of common practice, but was in effect passed on in The Eroe, 9 Ben. 191, Fed. Cas. No. 4,521, affirmed 17 Blatchf. 16, Fed. Cas. No. 4,522, where the cargo owner was not required to account for any refund of duties obtained by him in respect of the damaged goods for injury to which he sued. The expense of trucking the willow and the charges of the auctioneer or salesman were, of course, allowable in arriving at the net proceeds of such sale.

[5] Appellee insists, on this new trial, that interest should have been allowed on its recovery. The case is one for breach of contract, even though that breach may have been, in and of itself, a tort, and we perceive no reason why interest should be denied. Indeed, the apostles contain no record of any denial; the matter seems to have been overlooked by the trial judge. On claims of this nature rulings in favor of interest have, we think, been uniform, though the date of accrual has not always been the same. In The Eroe, supra, Judge Blatchford held that interest ran "from the date of the arrival of the vessel." It is more usual to allow interest (which in the admiralty is always discretionary) from the date of the liquidation of the damages, as was evidently done in the Pearse Case, supra—the damages being liqui-

dated by the sale of the damaged goods. It follows that libelant's recovery should be stated thus:

| | | |
|---|---:|---:|
| Invoice value | $6,223.00 | |
| Ocean freight | 796.49 | |
| | | $7,020.10 |
| Proceeds of sale | $1,184.41 | |
| Less truckage and sales expense | 345.42 | |
| | | 838.99 |
| Libelant's recovery | | $6,181.11 |

—with interest from date of conclusion of sale of damaged goods, viz. April 16, 1918.

[6] The assignments of error relating to the translation of damages expressed in francs at the "rate of exchange which existed at the time of shipment of the goods" we are not able to consider. We have above quoted from the agreed statement of facts exactly what the parties stipulated as the invoice value of the damaged willow; behind that we cannot go, but may add that there is nothing in the apostles to show at what rate of exchange, or as of what time, any such transference of francs was calculated. As the appellee has received some benefit from this appeal without itself having appealed, there will be no costs of this court. The disposition of costs in the District Court is left to the District Judge.

Decree reversed, and cause remanded for further proceedings not inconsistent with this opinion.