## Schultz et al. v. West Wyoming Borough School District et al.

Joseph F. Gallagher, for plaintiffs.

Ivo Giannini, for defendants.

PINOLA, J., August 7, 1953.—Plaintiffs brought this action on behalf of themselves and other taxpayers to restrain the School Directors of the School District of West Wyoming Borough from entering into a contract for certain painting with Joseph Marchesini & Son. They contend that the award was not made to the lowest responsible bidder.

The contract had been executed prior to the commencement of these proceedings and while certain objections are made to the omission of required provisions, they need not be considered because of the disposition we make of the case.

The issue raised is simple: did the school directors award the contract to the lowest responsible bidder?

As nothing could be added to the testimony taken on the application for an injunction, by stipulation filed, counsel have agreed that this matter may be disposed of as on final hearing, defendants waiving the right to file an answer.

From all the testimony, we make the following

### Findings of Fact

1. The School District of West Wyoming Borough solicited proposals, inter alia, for painting the interior and exterior of the high school, bids to be received up to 6 p.m., July 6, 1953.

2. The proposals received were read at a meeting of the board of school directors held at 7 p.m. on that date.

3. They are as follows: That of Ernest J. Stanton in the amount of $6,024 which did not have accompanying it the required check or bond; that of J. Marchesini & Son, for $4,000, which contains a provision for a discount of 15 percent if payment were made within 90 days, and that of Robert Postupack Company, in the sum of $3,594.

4. All bids were referred to a committee for tabulation.

5. At a subsequent meeting the board of school directors awarded the contract to J. Marchesini & Son.

6. On July 20, 1953, the school district entered into a written contract with Joseph Marchesini & Son, paragraph 10 of which provides as follows:

"It is agreed by and between the parties hereto that the contract price for the performance of the above work is $4000.00. It is further agreed that if the contractor is paid in full not later than ninety (90) days after the completion of said work, he shall allow a discount of 15%, in which case, he shall be paid the sum of $3,400.00 as payment in full for all of the work provided in this agreement."

7. In paragraph 9 of the contract, the "contractor agrees to furnish performance bond in the sum of $3,400.00."

*Discussion*

It is quite apparent that whether the contractors receive $3,400 or $4,000 for the work is dependent entirely upon the will of the school directors and their possession of funds within 90 days from the date of completion of the work. If they wait until the ninety-first day thereafter, either deliberately or because the funds are not available, the school district is required to pay $4,000, which amount exceeds the bid of the Postupack Company by $406. If the payment is made within the 90 days, then the school district is receiving the work for $3,400, which amount is $194 less than the bid of the Postupack Company.

There being no question about the responsibility of the contractors: whether their bid is the lowest bid depends on the effect to be given the provision for discount.

The amount of the discount is most unusual, to say the least. In merchandise transactions terms are usually cash if payment is made within 30 days, and a discount of two percent is customarily allowed if payment is made within 10 days. We have never heard of such a substantial discount for payment within so long a period.

Cases involving discounts are quite rare. For the first time in any publication of which we are aware, the nature of a discount is discussed in Corpus Juris Secundum. There it is stated, 77 C. J. S. 742 §75:

"A cash discount has been said to be authoritatively recognized as not being a deduction from the purchase price, and to relate simply to the mode of payment which may, if observed, operate as a satisfaction of the price to be paid by the acceptance of a smaller sum."

Two cases are cited in support of this proposition. In Weco Products Co. v. The Mid-City Cut Rate Drug Stores et al., 55 Cal. App. 2d 684, 131 P. 2d 856, the court declared:

"A cash discount is a reward for prompt payment. It is a trade practice long established, and is authoritatively recognized as being not a deduction from the purchase price. (Montgomery, Auditing Theory and Practice, pp. 499-500)."

And in R. J. Peacock Canning Co. v. Commodity Credit Corp., C. A., 185 F. 2d 894, the court, after quoting with approval the statement in the Weco case, referring to the discount, added:

"Rather, 'it relates simply to the mode of payment, which may, if observed, operate as a satisfaction of the price to be paid by the acceptance of a less sum.' Ballard v. Thomas, 1856, 19 How. 382, 383, 15 L. Ed. 690."

Since the size of the discount does not affect its nature or character, it cannot be considered as a reduction in price.

From the facts, we reach the following

### Conclusions of Law

1. The contract between the school district and the contractors provides for the payment of $4,000 for the work to be done.

2. J. Marchesini & Son are not the lowest responsible bidders.

3. The award of the contract to J. Marchesini & Son is in violation of the Act of March 10, 1949, P. L. 30, sec. 751, as amended, 24 PS §7-751.

Accordingly, we enter the following

### Decree Nisi

Now, August 7, 1953, at 1 p.m., it is ordered, adjudged and decreed:

326

1. That an injunction issue restraining the School Directors of the School District of the Borough of West Wyoming from permitting J. Marchesini & Son to perform the painting of the high school under the contract between the parties.

2. All costs are to be paid by defendants.

The prothonotary shall enter this decree nisi and give notice to the parties, or their counsel of record, of the entry of the decree, and if no exceptions are filed within 20 days, this decree shall be entered as the final decree herein by the prothonotary, as of course.