Samuel C. Coleman, J.
Merchandise belonging to the plaintiff, the insured, was taken from certain premises by intruders in such circumstances as to make the defendant, insurer, responsible for the loss under a policy of insurance. The loss was adjusted and paid except for three matters, only one of which is now contested. The issue with respect to that arises as follows: The loss was about $50,000. From this there was deducted 8%; the insured received the balance reserving its claim to the deduction — the amount now in dispute. The valuation clause in the policy measuring the amount of the insured’s liability reads: “ All goods and merchandise insured hereunder shall be valued at the assured’s selling price ”. The deduction was taken by the Insurance Company on two grounds which tend to merge, first, because the selling price was “ less 8% ”, if paid by the 10th of the month following the date of invoice and second, because for 40 years, at least, insurance companies had been taking this deduction, in accordance with the custom prevailing in the industry — the manufacture of ladies’ dresses — to allow an 8% discount on certain terms.
But, says the plaintiff, while 8% is normally the discount in the trade, there is no fixity of credit terms; prices may vary, discounts vary, goods may be sold at net prices, and sometimes payment may be required before delivery. The goods here had not been sold; they had been converted; if they had been sold this (invoice price) would have been our selling price, to be discounted only if there had been prompt payment. The insurer is not a customer paying promptly; but an indemnitor making us whole and it cannot assume that payment would have been prompt.
I think the plaintiff’s position is sound. As between an assumption as to what might be paid and what is “ the selling price ”, the established selling price of the insured should prevail. Indeed, premiums were paid on the basis of the established price and were of course higher than they would have been if the 8% had been deducted in arriving at “ selling price ”. While to be sure the policy is not a ‘ ‘ valued policy ’ ’ in the strict sense, it shares the attributes of such a policy to the extent that premiums are adjusted to value and value was “ the *273 selling price ’ ’. The insurer ought not to be permitted to go behind this valuation.
Long-established practice does not change the situation. The plaintiff was not shown to have been familiar with it or to have acquiesced in it; and earlier losses it sustained were under policies with different valuation clauses.
Two old Supreme Court decisions dealing with customs duties suggest the answer here (Arthur v. Goddard, 96 U. S. 145; Ballard v. Thomas, 19 How. [60 U. S.] 382). They establish the rule that in determining value for purposes of customs duties the invoice price controls without reference to deduction for early payment. “In respect to the deduction from the price on account of prompt payment, we think the fact does not vary or affect the price of the article, as stated in the invoice. It relates simply to the mode of payment, which may, if observed, operate as a satisfaction of the price to be paid by the acceptance of a less sum ” (19 How. [60 U. S.] 382, 383). The same rule should apply here.
A claim for labor charges of $2,403.22 was withdrawn; the insured’s liability for another labor charge of $2,345.10 [corrected] (Agate) is not questioned. The “eight per cent discount ” is $4,098.18. The two claims total $6,443.28 [corrected] and there will be judgment for the plaintiff in that amount with interest from December 16, 1960.