## THE CAYO MAMBI.
## THE MAIHAR.

### CUBAN AMERICAN SUGAR CO. v. CAYO MAMBI S. S. CORPORATION et al.
### No. 193.

Circuit Court of Appeals, Second Circuit.
Jan. 16, 1933.

Lord, Day & Lord, of New York City (George De Forest Lord, James S. Hemingway, and Woodson D. Scott, all of New York City, of counsel), for appellants.

Single & Hill, of New York City (Robert E. Hill and Douglas D. Crystal, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This libel is for sea water damage to a shipment of gunnies from the port of Calcutta, India, to Chaparra, Cuba, via New York. The merchandise was loaded on the steamship Maihar, owned by appellant Thos. & Jno. Brocklebank, Limited, at Calcutta, and a bill of lading was issued therefor which provided that it should be carried from Calcutta to New York and delivered there to appellant Cunard Steamship Company, the agents of Brocklebank, and "forwarded" by Cunard to Chaparra, Cuba.

No forwarding instructions other than the foregoing are shown to have been given, nor does any declaration of value appear to have been made upon shipment. The above bill of lading provided that: "The owners of the Steamer will not be accountable * * * beyond the amount of One Hundred Pounds for any one package, unless the Bills of Lading are signed for such goods, and the value declared therein."

The bill of lading also provided that the goods were to be carried from New York to Cuba "at ship's expense but at the risk of the owners of the goods" and "subject to the terms and conditions of the local Bill of Lading."

The goods arrived at New York and were delivered by Cunard in good order and condition to Atlantic Navigation Corporation for transportation to Cuba. The latter company was regularly engaged in the common carriage of goods by sea between New York and Cuba and owned the steamship Cayo Mambi on which the goods were shipped from New York. The Atlantic Navigation Corporation issued to Cunard a local bill of lading, under which the merchandise was carried to Cuba. This bill of lading limited the value of the gunnies to $100 per package or to a total value of $10,500 for the entire shipment of 105 cases. It read: "That unless a higher value be stated herein, the value of the property hereby receipted for does not exceed $100 per package, nor $8 per cubic foot and that the freight thereon has been adjusted at such valuation. * * *"

On the voyage, the goods were damaged by sea water owing to the unseaworthiness of the Cayo Mambi. The sound value of the cargo at the port of destination was $13,400. It realized in damaged condition $1,776.64. The Atlantic Navigation Corporation paid the libelant $10,500, less the $1,776.64 realized by the libelant, as per the terms of the local bill of lading, which fixed a valuation that was binding between the parties to it.

The libelant thereafter filed this libel and was allowed to recover $2,900, plus interest and costs. It will be noted that $2,900 is the difference between $13,400, the sound value of the goods, and the $10,500 which libelant had received. If the limitation of 100 pounds per package fixed by the original bill of lading applies, rather than that fixed by the local bill of lading, the decree below was right.

This appeal is based upon the theory that the appellants performed their whole duty when they delivered the goods to the Atlantic Navigation Corporation and received a local bill of lading containing the limitation of $100 per each package. If such be the case, nothing is owing by the appellants to Cuban American Sugar Company. The libelant contends that the appellants had no right to forward the merchandise under a bill of lading which contained an agreed valuation clause less than the true value of the goods.

If the original bill of lading had not contained the words "subject to the terms and conditions of the local bill of lading," there can be no doubt that Brocklebank and Cunard would not have been justified in shipping the goods under a local bill of lading which limited recovery to $100 per package. In Reid v. Fargo, 241 U. S. 544, 36 S. Ct. 712, 713, 60 L. Ed. 1156, liability was imposed upon the American Express Company for forwarding goods under a bill of lading thus limiting recovery in the event of loss. There the express company had been informed that an automobile, received by them in London for shipment to New York, was worth $3,900. They forwarded the car on the steamship Minnewaska under a bill of lading containing the provision "that the value of each package * * * does not exceed $100, * * * on which basis the freight is adjusted, and the carrier's liability shall in no case exceed that sum, unless a value in excess thereof be specially declared, and stated herein, and extra freight as may be agreed on paid." The car was damaged during unloading at New York. The Circuit Court of Appeals declined to hold the express company liable, saying that the libelant sought recovery on the ground that the company had agreed safely to carry the car, but no such agreement or relation had been proved. Reid v. Fargo, 213 F. 771, at page 773. The Supreme Court, however, reversed the decision of the Circuit Court of Appeals and held the express company liable for the full amount of the loss in spite of the fact that, because of the limitation in the bill of lading, only $100 was recoverable from the steamship company. Their decision was evidently based on the theory that the forwarding agent was negligent in the performance of its undertaking and should not have shipped a car known to be worth $3,900 under a bill of lading providing "that the value of each package * * * does not exceed $100."

While the forwarding agents in the present case were not informed of the value of the gunnies, they knew from the original bill of lading that the shipper had been protected in losses up to the amount of £100 per package. In such circumstances, we think it unreasonable to suppose that the forwarder was not expected to secure as good protection under the succeeding bill of lading. But the local bill of lading limited recovery to $100 per package whenever a higher value was not stated.

When the original bill of lading had contained a £100 limitation, it can hardly be said that the words, "goods to be carried to the ultimate destination subject to the terms and conditions of the local bill of lading," necessarily incorporated a $100 limitation, especially when that limitation in terms only applied "unless a higher value be stated." Not only do we think that the reference to the second bill of lading did not involve the incorporation of such a limitation, for the reason that the original bill provided for a full valuation in case the freight were adjusted to meet it, but we think that a general reference to the terms of the local bill of lading was insufficient to justify a limitation fundamentally inconsistent with the original one and injurious to the interests of the shipper. Though general terms of the local bill of lading would doubtless be incorporated by reference (South Atl. S. S. Line v. London-Savannah Naval S. Co. [C. C. A.] 255 F. 306), the $100 limitation cannot be regarded as within the reasonable contemplation of the parties.

The decree is affirmed.